COURT OF APPEALS OF VIRGINIA

Present: Judge Bray, Senior Judges Cole and Overton
Argued at Richmond, Virginia

KEVIN DWAYNE SMITH

MEMORANDUM OPINION[*] BY
v.    Record No. 2332-98-2          JUDGE RICHARD S. BRAY
                                       FEBRUARY 29, 2000
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HANOVER COUNTY
Barnard F. Jennings, Judge Designate

Linwood T. Wells, III, for appellant.

Michael T. Judge, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


Kevin Dwayne Smith (defendant) was convicted in a bench trial of involuntary manslaughter. Defendant complains on appeal that the trial court erroneously admitted into evidence certain hospital records and a report of the medical examiner, documents that he characterizes as hearsay. Finding no error, we affirm the conviction.

The parties are fully conversant with the record, and this memorandum opinion recites only those facts necessary to a disposition of the appeal.

I.

Two exhibits from the Medical College of Virginia Hospitals (MCV) were received into evidence over defendant's objections.

    * Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

Exhibit 4 was comprised of hospital records that recited medical data and narrative related to treatment of defendant for injuries suffered in the automobile accident subject of the instant prosecution.  The exhibit included two discernable references to defendant's blood alcohol concentration, "Alcohol level 2050" and "ETHANOL 2050 MG/L."  Exhibit 5, generated by the "MCV Toxicology Lab," reported defendant's blood ethanol at "2047 MG/L."  Throughout both exhibits, the "patient" is identified either as defendant, by name, or as "XQ, MR.," with a consistent record number.

Linda Chapman, MCV Assistant Director of the Department of Health Information Management, "the keeper of records for MCV," testified that Exhibit 4 reflected "authorized notes," "made in the ordinary course of business," "pretty close to the time of the transaction."  She explained that a patient unknown upon admission is initially designated "Mr. X" and assigned a "medical record number."  Once identified, the patient is "cross-matched" to his or her record number and all related documentation is then correlated both by name and number.  Chapman confirmed that the exhibit embraced that portion of defendant's records designated in a subpoena duces tecum issued incidental to the subject prosecution.

Jung Lee, a MCV "pathology supervisor," identified Exhibit 5 as "printouts from the . . . alcohol scans run on a Mr. XQ" by MCV Toxicology Technologist Bruce Dressel, reports also produced

-

in response to the subpoena duces tecum.  Lee acknowledged that the "records and entries were made regularly in accordance with the lab technicians" at MCV, "near the time of [the] transaction," and that the technicians "were authorized to make those entries on the records."  Upon review of the exhibit, Lee testified that the "alcohol scan" indicated an "alcohol . . . recording" of 2047.  Dressel confirmed that he conducted the test reported on Exhibit 5 and that the equipment which produced the results was "working correctly that . . . night."

Dr. James C. Valentour, a toxicologist, testified that a "2047 reading of ethanol" "would translate to about a .17 or a .18 percent by weight/by volume whole blood alcohol."  Dr. Valentour opined that an individual "with that blood alcohol content" would experience "a marked influence on performance and behavior," a generalized impairment of an array of specified intellectual and motor functions.

In unsuccessfully objecting to the receipt of the two exhibits into evidence, defendant argued that (1) the documents were hearsay, (2) no "nexus" connected defendant to the exhibits, and (3) the evidence failed to establish the "chain of custody" necessary to authenticate the test results.  When the Commonwealth contended that the exhibits were admissible under the "business records exception[] . . . to the hearsay rule," defendant countered that the exception was applicable only to

-

"civil cases" and did not dispense with the need to prove chain of custody.

Virginia has adopted the modern "Shopbook Rule" as an exception to the hearsay rule in both civil, see e.g., Neeley v. Johnson, 215 Va. 565, 211 S.E.2d 100 (1975), and criminal, see e.g., Frye v. Commonwealth, 231 Va. 370, 345 S.E.2d 267 (1986), proceedings.

> "Under the modern Shopbook Rule, . . .
> verified regular entries may be admitted
> into evidence without requiring proof from
> the regular observers or record keepers,"
> generally limiting admission of such
> evidence to "facts or events within the
> personal knowledge of the recorder." . . .
> However, this principle does not necessarily
> exclude all entries made by persons without
> personal knowledge of the facts recorded; in
> many cases, practical necessity requires the
> admission of written factual evidence that
> has a circumstantial guarantee of
> trustworthiness.

Fitzhugh v. Commonwealth, 20 Va. App. 275, 280-81, 456 S.E.2d 163, 165 (1995) (citation omitted) (emphasis added). "The trustworthiness or reliability of the records is guaranteed by the regularity of their preparation and the [reliance] of [the] business . . . entities for which they are kept." Sprinkler Corp. v. Coley & Peterson, 219 Va. 781, 793, 250 S.E.2d 765, 773 (1979).

However, the "[a]dmission of such evidence is conditioned . . . on proof that the document comes from the proper custodian and that it is a record kept in the ordinary course of business

-

made contemporaneously with the event by persons having the duty to keep a true record."  Id.; Lee v. Commonwealth, 28 Va. App. 571, 576, 507 S.E.2d 629, 632 (1998).  Such "authenticat[ion]" or "verifi[cation]" must be provided "by some person . . . who can testify that the record was made in the ordinary course of business.  A supervisor responsible for the custody of the records should suffice for this purpose."  Charles E. Friend, The Law of Evidence in Virginia § 18-15 (5th ed. 1999).  To require the "entrant" to appear and testify would defeat the rule.  Id.

Here, the Commonwealth established that the patient records which comprised both Exhibits 4 and 5 were made and maintained in the ordinary course of hospital business.  The documents were connected to defendant, initially by number, and, later, by both name and number, in accordance with established hospital procedure.  Produced before the court in specific response to a subpoena duces tecum, witnesses verified that the records reflected entries made by "authorized" persons "very close," "near," the event.  Nothing in the record before the court suggested tampering, contamination or other grounds to discredit the evidence.  The reliance upon the hospital records for the treatment and care of patients is manifest.  Thus, under the instant facts, we conclude that both Exhibits 4 and 5 were admissible under the modern Shopbook Rule exception to hearsay, as evidence of the facts recited therein.

-

Defendant's challenge to the exhibits as hearsay reports of unauthenticated tests is without merit.[1]  Defendant correctly reminds us that "[w]hen the Commonwealth offers testimony concerning the physical or chemical properties of an item in evidence, . . . authentication requires proof of the chain of custody, including 'a showing with reasonable certainty that the item has not been altered, substituted, or contaminated prior to analysis, in any way that would affect the results of the analysis.'"  Reedy v. Commonwealth, 9 Va. App. 386, 387, 388 S.E.2d 650, 650-51 (1990) (emphasis added) (quoting Washington v. Commonwealth, 228 Va. 535, 550, 323 S.E.2d 577, 587 (1984), cert. denied, 471 U.S. 1111 (1985)).  However, the requisite authentication may be established through various proofs.  Under the instant circumstances, the Commonwealth properly relied upon the modern Shopbook Rule to establish the admissibility, trustworthiness and authentication of the exhibits.

## II.

Defendant next argued that the court erroneously admitted into evidence the "Report of Investigation by the Medical Examiner."  Notwithstanding the provisions of Code § 19.2-188, defendant condemns the report as inadmissible hearsay.  However,

---

[1] Defendant's additional argument on brief that the records otherwise failed to qualify under the exception was not presented to the trial court and, therefore, will not be entertained on appeal.  Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998); see Rule 5A:18.

-

apart from the merits of defendant's objection, the trial court, following argument of counsel, determined that defendant had previously stipulated to the report. "The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988). Our review of the ruling in issue discloses no abuse of discretion.

Accordingly, we affirm the conviction.

Affirmed.

-